**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

DOWN TO EARTH ORGANICS, LLC,

                        Plaintiff,

       v.

ZAC EFRON, DARIN OLIEN, NETFLIX, INC.
THE NACELLE COMPANY, NINJA RUNNIN'
WILD PRODUCTIONS, INC. and JOHN DOES 1-
10 INCLUSIVE,

                    Defendants.

Civil Action No.: 7:22-CV-06218-NSR

<u>**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS'**</u>
<u>**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**</u>

**FOX ROTHSCHILD LLP**
10250 Constellation Blvd., Suite 900
Los Angeles, CA 90067
(310) 598-4150

Counsel for Defendants,
Zac Efron, Darin Olien, The Nacelle Company,
and Ninjas Runnin' Wild Productions, Inc.

On the Brief:

   David Aronoff (admitted pro hac vice)
   Joshua Bornstein (admitted pro hac vice)

**DAVIS WRIGHT TREMAINE LLP**
1251 Avenue of the America, 21st Floor
New York, New York 10020
(212) 489-8230

Counsel for Defendant,
Netflix, Inc.

Rachel Strom
Amanda B. Levine

# <u>TABLE OF CONTENTS</u>

I.     INTRODUCTION ............................................................................................... 1

II.    LEGAL ARGUMENT ........................................................................................ 2

    A.    The Issues Raised By This Motion Should Be Decided Under Rule 12(b)(6) ....... 2

    B.    Plaintiff Misconstrues the Law By Ignoring *Twin Peaks* ....................................... 3

    C.    Plaintiff's Opposition Fails to Meet its Burdens Under *Rogers* and *Twin Peaks* ..................................................................................................................... 6

        1.    The Title of the Series is Artistically Relevant to its Content ................... 6

        2.    The Title of the Series is Not Explicitly Misleading ................................. 6

        3.    No "Particularly Compelling" Likelihood of Confusion is Alleged ........... 7

    D.    Claims Based on the Snack Bar Mark, the Iced Tea Mark, and the Clothing Mark Are Not Viable and Should Be Dismissed. .................................................... 9

III.    CONCLUSION ............................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AM General LLC v. Activision Blizzard, Inc.*,
  450 F. Supp. 3d 467 (S.D.N.Y. 2020).................................................................6, 7

*Atlanta Ship. Corp. v. Chem. Bank*,
  631 F. Supp. 335 (S.D.N.Y. 1986) ........................................................................10

*Barnum v. Millbrook Care Ltd. P'ship*,
  850 F. Supp. 1227 (S.D.N.Y.)..................................................................................3

*Brown v. Electronic Arts, Inc.*,
  724 F.3d 1235 (9th Cir. 2013) .................................................................................7

*Brown v. Showtime Networks, Inc.*,
  394 F. Supp. 3d 418 (S.D.N.Y. 2019)...............................................................3, 6, 7

*Champion v. Moda Operandi, Inc.*,
  561 F. Supp. 3d 419 (S.D.N.Y. 2021)....................................................................3, 7

*Cliffs Notes, Inc. v. Bantam Doubleday Dell Publ'g Grp., Inc.*,
  886 F.2d 490 (2d Cir. 1989)................................................................................2, 4

*Deere & Co. v. MTD Prods., Inc.*,
  No. 00 CIV 5936 (LMM), 2001 WL 435613 (S.D.N.Y. Apr. 30, 2001) ..................5

*Friedl v. City of New York*,
  210 F.3d 79 (2d Cir. 2000).....................................................................................10

*Gayle v. Larko*,
  No. 18 CIV. 3773 (ER), 2019 WL 4450551 (S.D.N.Y. Sept. 17, 2019) ..................3

*Gordon v. Drape Creative, Inc.*,
  909 F.3d 257 (9th Cir. 2018) ...................................................................................5

*Hermes Int'l v. Rothschild*,
  603 F. Supp. 3d 98 (S.D.N.Y. 2022).......................................................................5

*Hidden City Philadelphia v. ABC, Inc.*,
  No. CV 18-65, 2019 WL 1003637 (E.D. Pa. Mar. 1, 2019) ...................................3

*Joseph Burstyn, Inc. v. Wilson*,
  343 U.S. 495 (1952)................................................................................................6

*Lemme v. Nat'l Broad. Co., Inc.*,
  472 F. Supp. 2d 433 (E.D.N.Y. 2007) ....................................................................7

*Louis Vuitton Malletier S.A. v. Warner Bros. Entm't*,
　868 F. Supp. 2d 172 (S.D.N.Y. 2012).............................................................*passim*

*Medina v. Dash Films, Inc.*,
　No. 15-CV-2551 (KBF), 2016 WL 3906714 (S.D.N.Y. July 14, 2016)........................*passim*

*MGFB Props., Inc. v. Viacom Inc*,
　54 F.4th 670 (11th Cir. 2022) .................................................................4

*Morgan Creek Prods., Inc. v. Cap. Cities/ABC, Inc.*,
　No. CV-89-5463-RSWL(JRX), 1991 WL 352619 (C.D. Cal. Oct. 28, 1991) .........................5

*New York City Triathlon, LLC v. NYC Triathlon Club, Inc.*,
　704 F. Supp. 2d 305 (S.D.N.Y. 2010).........................................................8

*O'Brien v. Nat'l Prop. Analysts Partners*,
　719 F. Supp. 222 (S.D.N.Y. 1989) ..........................................................10

*Pirone v. MacMillan, Inc.*,
　894 F.2d 579 (2d Cir. 1990)................................................................3

*Poindexter v. EMI Rec. Grp. Inc.*,
　No. 11 CIV. 559 LTS JLC, 2012 WL 1027639 (S.D.N.Y. Mar. 27, 2012).........................3

*Rebellion Dev. Ltd. v. Stardock Entm't, Inc.*,
　No. 12-12805, 2013 WL 1944888 (E.D. Mich. May 9, 2013) ..................................3

*RiseandShine Corp. v. PepsiCo, Inc.*,
　41 F.4th 112 (2d Cir. 2022) ...............................................................8

*Rodgers v. Wright*,
　544 F. Supp. 2d 302 (S.D.N.Y. 2008)........................................................5

*Rogers v. Grimaldi*,
　875 F.2d 994 (2d Cir. 1989)...........................................................*passim*

*Simon & Schuster v. Dove Audio*,
　970 F. Supp. 279 (S.D.N.Y. 1997) .......................................................4, 5, 6

*Sporting Times, LLC v. Orion Pictures, Corp.*,
　291 F. Supp. 3d 817 (W.D. Ky. 2017).......................................................3

*Syler v. Woodruff*,
　610 F. Supp. 2d 256 (S.D.N.Y. 2009).......................................................4

*The Name LLC v. Arias*,
　No. 10 CIV. 3212 RMB, 2010 WL 4642456 (S.D.N.Y. Nov. 16, 2010) .............................5

*Tri-Star Pictures, Inc. v. Leisure Time Prods., B.V.*,
　749 F. Supp. 1243 (S.D.N.Y. 1990).........................................................5

*Twentieth Century Fox Television v. Empire Dist. Inc.*,
   875 F.3d 1192 (9th Cir. 2017) ...........................................................................4, 5

*Twin Peaks Prods., Inc. v. Pubs. Int'l, Ltd.*,
   996 F.2d 1366 (2d Cir. 1993)........................................................................ *passim*

*Valencia v. Universal City Studios LLC*,
   2014 WL 7240526 (N.D. Ga. Dec. 18, 2014) ........................................................3

*Valmonte v. Perales*,
   788 F. Supp. 745 (S.D.N.Y. 1992) ......................................................................10

*Velvet Underground v. Andy Warhol Found. for the Visual Arts, Inc.*,
   890 F. Supp. 2d 398 (S.D.N.Y. 2012)...................................................................10

*Vina Casa Tamaya S.A. v. Oakville Hills Cellar, Inc.*,
   784 F. Supp. 2d 391 (S.D.N.Y. 2011).................................................................10

**Statutes**

Lanham Act..................................................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 12(b)(6).................................................................................... *passim*

L.M. Jordan & D.M. Kelly, *Another Decade of Rogers v. Grimaldi: Continuing
   to Balance the Lanham Act with the First Amendment Rights of Creators of
   Artistic Works*, 109 Trademark Rep. 833 (2019)....................................................4

U.S. Const. amend. I. ........................................................................................ *passim*

Defendants[1] respectfully submit this Reply Memorandum in further support of their Fed. R. Civ. P. Rule 12(b)(6) Motion to Dismiss ("Motion" or "Mot.") the Complaint (sometimes "Cmpt.") of plaintiff Down to Earth Organics, LLC ("Plaintiff").

## I.    **INTRODUCTION**

Plaintiff seeks to monopolize the ubiquitous phrase "Down to Earth" that dozens (if not hundreds) of others used first as their own trademarks – including for other podcasts. Moreover, its Opposition Memorandum ("Opposition" or "Opp.") plays ostrich. It ignores: (a) the Second Circuit's dispositive ruling in *Twin Peaks Prods., Inc. v. Pubs. Int'l, Ltd.*, 996 F.2d 1366 (2d Cir. 1993); (b) the "particularly compelling" standard for likelihood of confusion that Plaintiff fails to satisfy under *Twin Peaks*; and (c) key facts subject to judicial notice, including that Plaintiff's alleged trademarks are weak because there are more than 50 third-party USPTO registrations of other "Down to Earth" marks. Compounding these errors, Plaintiff's Opposition misleadingly construes the allegations of its Complaint and relies on improper extrinsic evidence.

The Opposition contends that footnote 5 of *Rogers v. Grimaldi,* 875 F.2d 994 (2d Cir. 1989) is a "get-out-of-jail-free" card. It is not. As an initial matter, the Opposition pretends that this is entirely a "title versus title" case, but in large part, this is untrue. The Complaint alleges that the TV series "Down to Earth with Zac Efron" ("the Series") purportedly infringes Plaintiff's trademarks in connection with: (1) fruit and herb-infused bottled iced teas (Cmpt. ¶ 18 ("the Iced Tea Mark")); (2) clothing (*id*. ¶ 19 ("the Clothing Mark")); (3) snack bars (*id*. ¶ 20 ("the Snack Bar Mark")); and (4) podcast services (*id*. ¶ 21 ("the Podcast Mark")). The Iced Tea Mark, the Clothing Mark, and the Snack Bar Mark are ordinary commercial products and the Court, therefore, is not examining the titles of two expressive works. So even if *Rogers* did not apply to

---

[1] The term "Defendants" collectively refers to Zac Efron ("Efron"), Darin Olien ("Olien"), Netflix, Inc. ("Netflix"), The Nacelle Company ("Nacelle"), and Ninjas Runnin' Wild Productions, Inc. ("Ninjas").

the Podcast Mark – a point that Defendants contest – Plaintiff's claims based on the other marks plainly should be dismissed under *Rogers* without further delay.[2]

As to the Podcast Mark, the Second Circuit has explicitly held that "'[t]he *Rogers* balancing approach is generally applicable to Lanham Act claims against works of artistic expression'" (*Twin Peaks*, 996 F.2d at 1379 (quoting *Cliffs Notes, Inc. v. Bantam Doubleday Dell Publ'g Grp.*, *Inc.*, 886 F.2d 490, 494-97 (2d Cir. 1989)) even in "title vs. title" cases. *Id*. Thus, in "title vs. title" cases, at a minimum, courts must apply the *Rogers* test in conjunction with the *Polaroid* factors, requiring the plaintiff to plead "likelihood of confusion [that is] **particularly compelling** to outweigh the First Amendment interest recognized in *Rogers*." *Twin Peaks*, 996 F.2d at 1379 (emphasis added). The Opposition fails to even mention, let alone satisfy or distinguish, the "particularly compelling" requirement of *Twin Peaks* although it is quoted **nine times** in Defendants' moving papers. Plaintiff's conspicuous silence is a concession that it has not – and cannot – plead a "particularly compelling" showing of likelihood of confusion.[3] Accordingly, the Complaint should be dismissed in its entirety as to all Defendants.

## II.   LEGAL ARGUMENT

### A.   The Issues Raised By This Motion Should Be Decided Under Rule 12(b)(6)

Consideration of the *Rogers* test and the "particularly compelling" likelihood of confusion standard under *Twin Peaks* is not premature under Rule 12(b)(6). *Louis Vuitton Malletier S.A. v.*

---

[2] In fact, Plaintiff impliedly admits that its claims based on the Iced Tea Mark and the Snack Bar Mark should be dismissed. Specifically, Plaintiff asserts that "there is no cause of action specific to snack bars" (Opp. at 3 fn. 2) while ignoring, and thus implicitly conceding, that its trademark registration of the Snack Bar Mark was not issued until over a year **after** the Series premiered. *See* Motion at 9. Further, Plaintiff now admits that its registration for fruit and herb-infused bottled iced teas was not registered as "Down to Earth" but rather as "DTE" (Decl. of Joel Dichter, ¶ 3; Plaintiff's Ex. 1) which is not alleged by Plaintiff to be confusingly similar to the title of the Series.

[3] Instead, Plaintiff attempts to push this case into discovery by erroneously contending that likelihood of confusion can never be determined at the pleading stage. This is untrue. Further, the Motion cites numerous cases in which a plaintiff's efforts to plead likelihood of confusion are found to be deficient under Rule 12(b)(6), including when the plaintiff cannot satisfy the "particularly compelling" requirement of *Twin Peaks*. *See*, *e.g.*, *Medina v. Dash Films, Inc*., No. 15-CV-2551 (KBF), 2016 WL 3906714, at *1 (S.D.N.Y. July 14, 2016); *see also* Section II.A., *infra*.

*Warner Bros. Entm't*, 868 F. Supp. 2d 172, 183 (S.D.N.Y. 2012) (granting Rule 12(b)(6) motion); *Medina*, 2016 WL 3906714, at *5 (same). "[T]he Second Circuit 'has never stated that a court cannot properly apply the *Rogers* test (or the likelihood of confusion factors) on a motion to dismiss. In fact, the Second Circuit has suggested that it would be appropriate 'where the court is satisfied that the products or marks are so dissimilar that no question of fact is presented.'" *Id.* (quoting *Louis Vuitton*, 868 F. Supp. 2d at 183 and *Pirone v. MacMillan, Inc*., 894 F.2d 579, 584 (2d Cir. 1990)). Courts often grant Rule 12(b)(6) motions under *Rogers* and *Twin Peaks*, including claims based on the titles of expressive works.[4] Tellingly, Plaintiff does not dispute that the Series and its podcasts are incorporated by reference[5] in the Complaint and thus are properly before the Court on this Motion.[6] Dismissal of this case under Rule 12(b)(6) is particularly appropriate "to avoid chilling speech" as Plaintiff's claims impinge upon Defendants' First Amendment rights.[7]

### B. Plaintiff Misconstrues the Law By Ignoring *Twin Peaks*

The Opposition's repeated assertions that the *Rogers* test does not apply in "title vs. title" cases is incorrect. As discussed in the Motion, numerous decisions in the Second Circuit – most notably *Twin Peaks* (which concerned a dispute between the title of the TV series "Twin Peaks" and the title of the book "Welcome to Twin Peaks: A Complete Guide to Who's Who and What's What") – have rejected application of the *dicta* found in *Rogers*' footnote 5 while continuing to

---

[4] *Louis Vuitton*, 868 F. Supp. 2d at 183 (granting Rule 12(b)(6) motion); *Brown v. Showtime Networks, Inc.,* 394 F. Supp. 3d 418, 444 (S.D.N.Y. 2019) (same); *Champion v. Moda Operandi, Inc*., 561 F. Supp. 3d 419, 436 (S.D.N.Y. 2021) (same); *Medina*, 2016 WL 3906714, at *5 (same); *Gayle v. Larko*, No. 18 CIV. 3773 (ER), 2019 WL 4450551, at *3 (S.D.N.Y. Sept. 17, 2019) (same); s*ee also Hidden City Philadelphia v. ABC, Inc*., No. CV 18-65, 2019 WL 1003637, at *1 (E.D. Pa. Mar. 1, 2019) (applying *Rogers* to dismiss claims that the title of the ABC website series "Hidden Philadelphia" infringed plaintiff's website "Hidden City Philadelphia"); *Valencia v. Universal City Studios LLC*, 2014 WL 7240526, at *8 (N.D. Ga. Dec. 18, 2014) (dismissing trademark claim based on title of motion picture); *Sporting Times, LLC v. Orion Pictures, Corp.*, 291 F. Supp. 3d 817, 826, 828 (W.D. Ky. 2017) (same).

[5] *See* Declaration of David Aronoff dated November 7, 2022 ("Aronoff Decl."), ¶¶ 1-2, Exs. "A"-"B."

[6] *See Barnum v. Millbrook Care Ltd. P'ship*, 850 F. Supp. 1227, 1233 (S.D.N.Y.), *aff'd*, 43 F.3d 1458 (2d Cir. 1994); *Poindexter v. EMI Rec. Grp. Inc*., No. 11 CIV. 559 LTS JLC, 2012 WL 1027639, at *2 (S.D.N.Y. Mar. 27, 2012).

[7] *See Rebellion Dev. Ltd. v. Stardock Entm't, Inc*., No. 12-12805, 2013 WL 1944888 (E.D. Mich. May 9, 2013).

apply the *Rogers* test.[8]  "To date, no circuit has explicitly adopted the exception in the *Rogers* footnote.  One circuit has explicitly rejected it."  *MGFB Props., Inc. v. Viacom Inc*, 54 F.4th 670, 679 (11th Cir. 2022) (citing *Twentieth Century Fox Television v. Empire Dist. Inc*., 875 F.3d 1192, 1197 (9th Cir. 2017) (explaining that footnote 5 is "ill-advised or unnecessary")); *see Medina*, 2016 WL 3906714, at *6 (granting 12(b)(6) motion with prejudice).[9]

With respect to the Podcast Mark (which is Plaintiff's only mark potentially qualifying as a "title vs. title" dispute), the Opposition completely ignores how the Second Circuit in *Twin Peaks* harmonized both *Rogers* and *Cliffs Notes*[10] by holding that in "title vs. title" cases the plaintiff's showing of likelihood of confusion under the *Polaroid* test must be "**particularly compelling** to outweigh the First Amendment interest recognized in *Rogers*." *Twin Peaks*, 996 F.2d at 1379-80 (emphasis added).[11]  The Opposition ignores the legal standard under *Twin Peaks* and fails to even argue that Plaintiff has alleged "particularly compelling" facts supporting likelihood of confusion.

The cases relied upon in the Opposition fail to support Plaintiff's arguments.  For example, Plaintiff cites *Simon & Schuster v. Dove Audio*, 970 F. Supp. 279 (S.D.N.Y. 1997) to argue that the "*Rogers* test does not apply 'when a title is misleadingly similar to another title.'" Opp. at 9. However, *Simon & Schuster, Inc*. expressly **applied** the *Rogers* test as construed in *Twin Peaks*

---

[8] *See e.g., Syler v. Woodruff*, 610 F. Supp. 2d 256 (S.D.N.Y. 2009) (relying on *Rogers* in denying plaintiff's motion for TRO in action arising from competing book titles both utilizing the phrase "Perfectly Imperfect").

[9] Plaintiff strangely argues that *Medina* was not decided at the pleading stage (Opp. at 14), although the case plainly was decided on a Rule 12(b)(6) motion. *Medina,* 2016 WL 3906714, at *6.

[10] Although the Opposition attempts to distinguish *Cliffs Notes* as parody case (Opp. at 15), the Second Circuit expressly construes *Cliffs Notes* as a title infringement case.  *See Twin Peaks*, 996 F.2d at 1379 ("Although *Rogers* arose in the context of a title using a celebrity's name, we have applied it to the literary title '*Cliffs Notes*'….").

[11] "Notably, Judge Newman, author of the *Rogers* opinion, also penned the *Twin Peaks* opinion and was on the panel that decided *Cliffs Notes*, which should quell any arguments that these decisions are inconsistent or that the *Rogers* test does not apply to title-versus-title cases. Rather, these three cases represent an evolution of the principal that the Lanham Act must be construed narrowly when First Amendment rights are implicated and provide a roadmap for how that is to be done." L.M. Jordan & D.M. Kelly, *Another Decade of Rogers v. Grimaldi: Continuing to Balance the Lanham Act with the First Amendment Rights of Creators of Artistic Works*, 109 TRADEMARK REP. 833, 852 (2019).

and required a "**particularly compelling**" showing of likely confusion. *Id*. at 296-97 (emphasis

added). The court did not reject *Rogers* (as claimed by Plaintiff); it instead ruled that the plaintiff

had **met** the "particularly compelling" standard of *Twin Peaks*. *Id*. at 300-01.[12]

Likewise, in *Tri-Star Pictures, Inc. v. Leisure Time Prods., B.V.*, 749 F. Supp. 1243, 1253

(S.D.N.Y. 1990), which was decided **before** *Twin Peaks*, a film entitled "Return From the River

Kwai" was alleged to be a confusingly similar to the famous film, "Bridge On The River Kwai."

The court denied cross-motions for summary judgment, "so that a complete factual record can be

established to demonstrate both … secondary meaning and whether a reasonable consumer would

find the title 'Bridge On The River Kwai' confusingly similar to 'Return From The River Kwai.'"

*Id*. But the case fails to support Plaintiff's arguments here because it was decided **prior** to the

Second Circuit's subsequent adoption of the "particularly compelling" standard in *Twin Peaks*.[13]

These cases highlight that both the *Rogers* test and the "particularly compelling"

requirement of *Twin Peaks* exist to weed out unmeritorious claims when the public's interest in

free expression under the First Amendment outweighs weak allegations of likelihood of consumer

---

[12] Plaintiff's reliance on *Hermes Int'l v. Rothschild*, 603 F. Supp. 3d 98 (S.D.N.Y. 2022) also is unavailing. Opp. at 16. *Hermes* involved the sale of non-fungible tokens ("NFTs") that used digital images of the plaintiff's handbags which the defendant sold as a commodity. *Id*. at 100. The court found that the *Rogers* test still applied but denied the motion to dismiss because the plaintiff's complaint has sufficiently alleged that members of the public were **explicitly misled** into believing that the NFTs were sponsored by the plaintiff. *Id*. at 106-07. Likewise, Plaintiff's reliance on *The Name LLC v. Arias*, No. 10 CIV. 3212 RMB, 2010 WL 4642456, at *1 (S.D.N.Y. Nov. 16, 2010) is misplaced (Opp. at 16) because that case did not involve an expressive work. It appears that Plaintiff confused this as a "*Rogers* case" because that case cites to *Rodgers v. Wright*, 544 F. Supp. 2d 302, 314-15 (S.D.N.Y. 2008) for the proposition that "operation of American website to further trademark infringement constitutes using trademarks in American commerce." *Id*. at *5. However, *The Name* is not a true "*Rogers* case" and has no application to this Motion. *Deere & Co. v. MTD Prods., Inc*., No. 00 CIV 5936 (LMM), 2001 WL 435613, at *1 (S.D.N.Y. Apr. 30, 2001) (Opp. at 19), is irrelevant as it merely concerned an alleged commercial infringement with no *Rogers* or *Twin Peaks* issues.

[13] Additionally, Plaintiff's reliance on out-of-circuit cases is equally without merit. For example, the Central District of California case, *Morgan Creek Prods., Inc. v. Cap. Cities/ABC, Inc*., No. CV-89-5463-RSWL(JRX), 1991 WL 352619, at *1 (C.D. Cal. Oct. 28, 1991) (Opp. at 10), involved a western TV drama entitled "Young Riders" that was alleged to infringe the title of plaintiff's film "Young Guns." The court denied summary judgment for defendants relying, in part, on footnote 5 of *Rogers*. *Id*. But *Morgan Creek* is no longer good law because subsequently the Ninth Circuit rejected footnote 5 of *Rogers* as "ill-advised" and "unnecessary." *Twentieth Century*, 875 F.3d at 1197. Also, *Gordon v. Drape Creative, Inc*., 909 F.3d 257, 261 (9th Cir. 2018) (Opp. at 15) is inapposite because the court merely found a jury question under the "expressly misleading" prong of *Rogers* in a case where defendants' work was minimally expressive in that they had "largely just pasted [Plaintiff's] mark into their greeting cards." *Id*. at 261.

confusion.  *See AM General LLC v. Activision Blizzard, Inc.*, 450 F. Supp. 3d 467, 477-79 (S.D.N.Y. 2020) (granting summary judgment for defendant and discussing interplay of *Rogers*, *Twin Peaks*, *Polaroid*, *Louis Vuitton* and *Simon & Schuster*).  Knowing this, Plaintiff attempts to sidestep *Rogers* altogether by arguing that the Series is not an "expressive work" at all, but rather "commercial speech" simply because it was produced for profit.  Opp. at 22. However, this argument is beyond frivolous.  Works of entertainment are fully protected by the First Amendment although they are "sold for profit."  *Joseph Burstyn, Inc. v. Wilson*, 343 U.S. 495, 501-02 (1952) ("That books, newspapers, and magazines are published and sold for profit does not prevent them from being a form of expression whose liberty is safeguarded by the First Amendment.  We fail to see why operation for profit should have any different effect in the case of motion pictures.").[14]

### C.    Plaintiff's Opposition Fails to Meet its Burdens Under *Rogers* and *Twin Peaks*

#### 1.    The Title of the Series is Artistically Relevant to its Content

To satisfy the first prong of *Rogers*, the level of artistic relevance of the trademark to the allegedly infringing work merely must be above zero.  *Brown v. Showtime Networks, Inc.,* 394 F. Supp. 3d 418, 442 (S.D.N.Y. 2019).  Here, the Opposition does not and cannot plausibly argue that the title of the Series is not at least minimally related to its content. *See* Mot. at 11-12.  As such, the first *Rogers* prong is easily satisfied.

#### 2.    The Title of the Series is Not Explicitly Misleading

 The second prong of *Rogers* is a high bar that requires the alleged infringement to be an "explicit indication," "overt claim," or "explicit misstatement" about the source of the work.  *Rogers*, 875 F.2d at 1001.  Plaintiff never identifies anything that satisfies this threshold. The

---

[14] In fact, that is precisely why in *Rogers* the Second Circuit held that "[t]he artistic and commercial elements of titles are inextricably intertwined….  Because overextension of Lanham Act restrictions in the area of titles might intrude on First Amendment values, we must construe the Act narrowly to avoid such a conflict." *Rogers*, 875 F.2d at 998.

Opposition simply concludes that the use of "Down to Earth" in the title of the Series is sufficient. Opp. at 15. However, "mere use of a trademark alone cannot suffice to make such use explicitly misleading." *Brown v. Electronic Arts, Inc.,* 724 F.3d 1235, 1245 (9th Cir. 2013); *see Rogers*, 875 F.2d at 999-1000. Here, it is not plausible that the title of the Series explicitly misleads consumers by creating "the false impression that [Zac] Efron is associated with Plaintiff's products and media" (Opp. at 6) – especially as Plaintiff does not deny that "down to earth" has been part of the public lexicon for over 100 years and is being used in over 50 registered third-party trademarks.[15]

### 3.    No "Particularly Compelling" Likelihood of Confusion is Alleged

Even if the Court finds that the traditional *Rogers* test does not apply and instead holds that the *Twin Peaks* approach of balancing *Rogers* against *Polaroid* factors is appropriate here, the Opposition never asserts that Plaintiff's Complaint has or can plausibly allege a "particularly compelling" likelihood of confusion as to the Podcast Mark,[16] as is required by *Twin Peaks* and its progeny. *See*, *e.g.*, *Twin Peaks Prods., Inc*., 996 F.2d at 1379; *Louis Vuitton*, 868 F. Supp. 2d at 183 (granting Rule 12(b)(6) motion for defendants); *Brown,* 394 F. Supp. 3d at 443-44 (same); *Champion*, 561 F. Supp. 3d at 436 (same); *Medina*, 2016 WL 3906714, at *4-5 (same); s*ee also Lemme v. Nat'l Broad. Co., Inc*., 472 F. Supp. 2d 433, 446 (E.D.N.Y. 2007) (granting summary judgment for defendants); *AM General*, 450 F. Supp. 3d at 477-79 (same). This is because no facts supporting a "particularly compelling" likelihood of confusion exist to be alleged.

Specifically, as is discussed in detail in the Motion (Mot. at 17-23) but is not rebutted in Plaintiff's Opposition, the likelihood of confusion alleged (and capable of being alleged) in this case is not "particularly compelling" but instead is exceedingly weak:

---

[15] *See* Mot. at 6; Aronoff Decl., ¶¶ 3-10 and Exs. "C" to "J;" *see also Medina*, 2016 WL 3906714, at *6 (dismissing trademark claims against title of video films where defendants' title was in common use long before plaintiff used it).

[16] The Iced Tea Mark, Snack Bar Mark, and Clothing Mark are separately addressed in Section II.D., below.

**(a) Plaintiff's Mark is Weak** – Plaintiff does not dispute that, (i) "down to earth" is a preexisting phrase commonly used for over 100 years, (ii) there are over 50 "live" third-party registrations of "Down to Earth" marks for products such as nutritional foods, newsletters, travel-related equipment, pillows, tiles, and wine, and (iii) at least three other prior third-party podcasts also use "Down to Earth" as their titles. Mot. at 17-18 & fn. 13.[17]  Significantly, the Complaint does not even allege any facts establishing that its Podcast Mark is popular and has achieved a substantial level of secondary meaning differentiating it from prior "Down to Earth" podcasts. *Id.*

**(b) The Marks are Dissimilar** – The parties' respective titles, "the Down to Earth podcast" and "Down to Earth **with Zac Efron**," are clearly dissimilar. In particular, the phrase "with Zac Efron" is not "generic" (Opp. at 19) since the Opposition admits that Zac Efron is a celebrity. *Id.* Thus, the key distinguishing phrase "with Zac Efron" is the dominant component of Defendants' title – which negates likely confusion. *New York City Triathlon, LLC v. NYC Triathlon Club, Inc.*, 704 F. Supp. 2d 305, 333 (S.D.N.Y. 2010) ("[I]t is appropriate in determining … likelihood of confusion to give greater weight to the important or 'dominant' parts of a composite mark").

**(c) Competitive Proximity** – The Complaint does not plausibly allege that Plaintiff's podcast and Defendants' Series are proximate because they are clearly divergent. Although the Opposition contends the two works invoke a similar "holistic lifestyle" (Opp. at 20), this fails to rebut the facts that the works are only available via divergent channels (podcast platforms vs. Netflix streaming), were created in different mediums (audio vs. video), and showcase different content (interviews vs. international travel and conservation) – thus negating likely confusion.[18]

---

[17] *See* Aronoff Decl., ¶¶ 3-10 and Exs. "C" to "J." The USPTO records submitted with the Motion reveal an extremely crowded field of similar marks, which Plaintiff does not dispute. Plaintiff also does not dispute the existence of several other podcasts using the "Down to Earth" mark that pre-date Plaintiff's alleged first use of the Podcast Mark. Mot. at 18, fn. 13. Of course, "[i]n a 'crowded' field of similar marks, each member of the crowd, is relatively 'weak' in its ability to prevent use by others in a crowd." *RiseandShine Corp. v. PepsiCo, Inc.*, 41 F.4th 112, 123 (2d Cir. 2022).

[18] Plaintiff's podcast is an audio-only talk show hosted by Plaintiff's owners that is located on Plaintiff's website and podcast platforms. *See* Ex. "A;" https://drinkdowntoearth.com/podcast/. The Series, in contrast, is an elaborately

Case 7:22-cv-06218-NSR    Document 49    Filed 03/06/23    Page 14 of 16

**(d) Remaining *Polaroid* Factors** – As to the remaining *Polaroid* factors, Plaintiff largely relies on the lone, conclusory allegation of "actual confusion" in the Complaint.  Opp. at 21-22; Cmpt. ¶ 33.  But Plaintiff's allegation of "actual confusion" is implausible because each episode of the Series identifies itself as "A Netflix Original Series" and credits its producers as the source of the show at the end of each episode.  *See* Ex. "B;" *see also Medina*, 2016 WL 3906714, *5 (likelihood of confusion obviated by TV show credits); *see also* Motion at 21-23.

In short, as a matter of law, Plaintiff fails to plausibly allege a "particularly compelling" showing of likelihood of confusion, which is the minimal showing necessary to support its claim for the alleged infringement of the Podcast Mark under *Rogers* and *Twin Peaks*.  For this reason, his claims as to the Podcast Mark must be dismissed entirely as to all Defendants.

D.    **Claims Based on the Snack Bar Mark, the Iced Tea Mark, and the Clothing Mark Are Not Viable and Should Be Dismissed**

Plaintiff's claims based on the Iced Tea Mark, the Snack Bar Mark, and the Clothing Mark (Cmpt. ¶¶ 33, 37-39, 47, 54, 58, 62) are equally vulnerable to dismissal because the *Rogers* test unquestionably applies to cases involving the marks of commercial products (like iced tea, snack bars, and clothing) that have allegedly been infringed by the title of an expressive work (like the Series).  Plaintiff even concedes "there is no cause of action specific to [the Snack Bar Mark]" (Opp. at 3, fn. 2) and fails to dispute that its registration of the Snack Bar Mark was issued over a year after the Series premiered – so Plaintiff lacks priority as to this mark.  *See* Motion at 9.  Further, the Opposition clarifies that the Iced Tea Mark is actually registered as "**DTE**" and **not** "Down to Earth" (Opp. at 4; Decl. of Joel Dichter, ¶ 3; Plaintiff's Ex. 1).  Thus, Plaintiff's claims based on the Iced Tea Mark (Cmpt. ¶ 18) and the Snack Bar Mark (*id*. ¶ 20) should be dismissed.

---

produced multi-episode audio-visual documentary about travel and conservation starring a famous actor, Zac Efron, and is located only on Netflix.  *See* Cmpt. ¶¶ 24, 27; Ex. "B;"  https://www.netflix.com/title/80230601.

9

The Opposition then tries to conflate the Clothing Mark with the Podcast Mark to create the false impression that this is simply a "title vs. title" case. *See* Opp. at 4-5, 17. But the Clothing Mark is not the title of an expressive work; it is just a trademark for ordinary consumer goods, and thus falls squarely within the scope of *Rogers*. Additionally, Plaintiff's assertion, improperly based on extrinsic facts, that soon-to-arrive "eco clothing" could possibly infringe the Clothing Mark someday (Opp. at 2, 22) does not save this claim since: (1) speculative harm that may occur in the future presents no justiciable controversy;[19] (2) extrinsic evidence is not proper in opposing a Rule 12(b)(6) motion;[20] (3) the purported "eco clothing" line is not alleged in the Complaint.[21] Thus, the Court can and should make short work of Plaintiff's claims based on the Iced Tea Mark, Snack Bar Mark, and Clothing Mark by dismissing them as to all Defendants.[22]

### III.    CONCLUSION

Defendants respectfully request that the Court grant their Motion and dismiss Plaintiff's Complaint in its entirety with prejudice as to all Defendants.[23] Moreover, Plaintiff's proforma request for leave to amend (Opp. at 19, fn. 5) should be denied, as Plaintiff fails to show how it can plausibly cure the defects of its Complaint.

---

[19] *See Velvet Underground v. Andy Warhol Found. for the Visual Arts, Inc*., 890 F. Supp. 2d 398, 407-09 (S.D.N.Y. 2012); *Vina Casa Tamaya S.A. v. Oakville Hills Cellar, Inc*., 784 F. Supp. 2d 391, 397 (S.D.N.Y. 2011).

[20] The websites referenced in the Opposition (Opp. at 2 fn. 1, 22 & 20) are not incorporated by reference into the Complaint because the Complaint does not allege or otherwise reference any of these websites. In any event, these websites are entirely unassociated with defendant Netflix. Further, the proposed line of "eco clothing" was merely contemplated, has never been produced, and there are no plans for its production by any of Defendants.

[21] Facts asserted in briefs opposing a motion to dismiss do not "amend" a complaint. *Friedl v. City of New York*, 210 F.3d 79, 83-84 (2d Cir. 2000); *O'Brien v. Nat'l Prop. Analysts Partners*, 719 F. Supp. 222, 229 (S.D.N.Y. 1989).

[22] Even if the Court rules that claims based on certain marks survive this Rule 12(b)(6) motion – and, for the reasons stated herein, they should not – the Court may dismiss the claims based on the other marks. *Valmonte v. Perales*, 788 F. Supp. 745, 751 (S.D.N.Y. 1992); *Atlanta Ship. Corp. v. Chem. Bank*, 631 F. Supp. 335, 353-54 (S.D.N.Y. 1986).

[23] Notably, Plaintiff's failure to oppose (or even mentioned) Defendants' Motion insofar as it seeks dismissal of Plaintiff's state law claims (*see* Mot. at 23-24 (discussing Claims 3-5)) is a concession that the state law claims must be dismissed for the same reasons as Plaintiff's Lanham Act claims. *See Louis Vuitton*, 868 F. Supp. 2d at 184.

Dated: March 6, 2023                    Respectfully submitted,


**FOX ROTHSCHILD LLP**

/s/ *David Aronoff*
David Aronoff (admitted pro hac vice)
Joshua Bornstein (admitted pro hac vice)
10250 Constellation Blvd, Suite 900
Los Angeles, CA 90067
(310) 598-4150

*Counsel for Defendants Zac Efron, Darin Olien,*
*The Nacelle Company, and Ninjas Runnin' Wild*
*Productions, Inc.*


**DAVIS WRIGHT TREMAINE LLP**

/s/ *Amanda B. Levine*
Rachel Strom
Amanda B. Levine
1251 Avenue of the America, 21st Floor
New York, New York 10020
(212) 489-8230

*Counsel for Defendant Netflix, Inc.*