

Constellation Place
10250 Constellation Boulevard, Suite 900
Los Angeles, CA  90067
☎ 310.598.4150  🖨 310.556.9828
WWW.FOXROTHSCHILD.COM

DAVID ARONOFF
Direct No: 310.228.2916
Email: daronoff@foxrothschild.com

May 17, 2024

**VIA EFC**

Honorable Nelson S. Román
U.S. District Court Judge for the
Southern District of New York
United States Courthouse
300 Quarropas Street
White Plains, NY 10601

**Re:**  ***Down to Earth Organic, LLC v. Zac Efron, et al.***
**U.S. District Court Sothern District of New York, Case No. 7:22-cv-6218 (NSR)**

Dear Judge Román:

We represent defendants Zac Efron, Darin Olien, The Nacelle Company, and Ninjas Runnin' Wild Productions, Inc. (the "Production Defendants").  Under Section 3.A.(ii) of Your Honor's Individual Practice Rules, the Production Defendants and defendant Netflix, Inc. ("Netflix") (collectively, "Defendants") respectfully request a pre-motion conference to address the filing of a Fed. R. Civ. P. Rule 12(b)(6) motion to dismiss the First Amended Complaint ("FAC") (ECF No. 52) filed by plaintiff Down to Earth Organics, LLC ("DTE").  Counsel for co-defendant Netflix join in this request.

As the Court knows, this action filed by DTE, a company that sells infused iced tea drinks, is based on allegations that the title of the Netflix series "Down to Earth with Zac Efron" (the "Series") infringes DTE's registered "DOWN TO EARTH" trademarks for: (1) clothing products (FAC ¶¶ 7, 16 and ECF No. 52-1 ("the Clothing Mark")); (2) fruit and nut based snack bars (FAC ¶¶ 7, 17 and ECF No. 52-2 ("the Snack Bar Mark")); and (3) podcast services (FAC ¶¶ 18-20 and ECF No. 52-3 ("the Podcast Mark")).  DTE also alleges infringement of its unregistered "DOWN TO EARTH" trademark in connection with the sale of fruit and herb-infused bottled iced teas ("the Iced Tea Mark").  FAC ¶¶ 6, 15.  Despite these claims, as this Court previously noted, "Plaintiff does not challenge Defendants' argument that 'down to earth' is a common phrase…."  ECF No. 51 at 12.  In fact, the phrase has been used for over 100 years.

A Pennsylvania Limited Liability Partnership

California    Colorado    Delaware    District of Columbia    Florida    Georgia    Illinois    Massachusetts    Minnesota    Missouri
Nevada    New Jersey    New York    North Carolina    Oklahoma    Pennsylvania    South Carolina    Texas    Washington

**VIA EFC**



Honorable Nelson S. Román
May 17, 2024
Page 2

On March 31, 2024, the Court dismissed DTE's initial complaint ("Complaint"), finding, among other things, that the two-prong balancing test established under *Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989) applies to the Series and that the First Amendment precluded DTE's Lanham Act claims against Defendants.  ECF No. 51.  While DTE was allowed leave to amend based on its representation that it could allege facts establishing "actual confusion" (ECF No. 51 at 17), the FAC fails to salvage Plaintiff's claims.[1]  For example, in trying to plead consumer confusion, the FAC merely provides conclusory allegations of a few isolated random instances in which DTE's customers supposedly questioned it about whether there was a connection between DTE and the Series, or expressed difficulty in finding DTE's website online (located at https://drinkdowntoearth.com).  FAC ¶¶ 39-40.  It is well-established, however, that "[i]nquiries about the relationship between an owner of a mark and an alleged infringer do not amount to actual confusion." *Nora Beverages, Inc. v. Perrier Grp. of Am., Inc.*, 269 F.3d 114, 124 (2d Cir. 2001).

The FAC's new allegations do not speak to the issue of relevant consumer confusion, *i.e.*, mistaken purchasing decisions. "Trademark infringement protects only against mistaken purchasing decisions and not against confusion generally." *Midcap Business Credit v. Midcap Financial Trust*, 655 F. Supp. 3d 193, 210 (S.D.N.Y. 2023) (granting Rule 12(b)(6) motion).  Moreover, in cases governed by *Rogers*, actual consumer confusion is very often insufficient to establish an infringement claim because "*Rogers* teaches that mark owners must accept some confusion when outweighed by free speech interests."  *See JTH Tax LLC v. AMC Networks Inc.*, No. 22 CIV. 6526 (PGG), 2023 WL 6215299, at *13 (S.D.N.Y. Sept. 25, 2023) ("actual consumer confusion factor does not weigh in either side's favor.") (cleaned up).

Most importantly, where, as here, First Amendment-protected interests are recognized, a "finding of likelihood of confusion must be ***particularly compelling*** to outweigh the First Amendment interest recognized in *Rogers*." *Twin Peaks Prods., Inc. v. Publ'ns Int'l, Ltd.*, 996 F.2d 1366, 1379 (2d Cir. 1993) (emphasis added).  The FAC, however, does not allege any facts plausibly alleging a particularly compelling likelihood that members of the public believe the Series was created or otherwise authorized by DTE.  *See Twin Peaks Prods., Inc.* 996 F.2d at 1379.  Indeed, this Court found "it is highly unlikely that the public would interpret the title 'Down to Earth with Zac Efron' as denoting the source, publisher, or producer of the product as Plaintiff." ECF No. 51 at 10-11. The amendments to the FAC are woefully insufficient to change the Court's conclusions.

The FAC injects a few new paragraphs in scattershot fashion consisting of empty arguments,[2]

---

[1]  The FAC asserts the same five claims that were asserted in DTE's initial Complaint: (1) False Designation of Origin under 15 U.S.C. § 1125(a); (2) Federal Trademark Infringement under 15 U.S.C. § 1114; (3) New York Unfair Competition; (4) Violation of New York's Deceptive and Unfair Trade Practices Act; and (5) Unjust Enrichment.

[2]  S*ee, e.g.*, FAC ¶ 36 (claiming the title of the Series appears "virtually identical to DTE's logo" because they are both in "capital letters with similar fonts."). The Court, however, already held that the titles are "wholly dissimilar." ECF No. 51 at 13.

**VIA EFC**



Honorable Nelson S. Román
May 17, 2024
Page 3

conclusory statements,[3] and irrelevant surplusage.[4]  But such allegations do not cure the deficiencies of DTE's initial Complaint or alter the Court's prior rulings that: (1) "Defendants are undoubtedly using 'Down to Earth' simply to identify the subject matter and tone of the Series;" (ECF No. 51 at 8); (2) the Series is an expressive work entitled to First Amendment protection (*id*. at 9); (3) the "title of the Series 'Down to Earth with Zac Efron' has artistic relevance to the Series (*id*. at 9-10); and (4) DTE's "conclusory allegations are insufficient to state a plausible claim of likelihood of confusion, much less a 'particularly compelling' one" (*id*. at 11-16). As such, dismissal of DTE's Lanham Act claims is warranted – again.

Finally, because the First Amendment principles recognized in *Rogers* apply equally to DTE's pendent state law claims, the state law claims are equally subject to dismissal.  *See Louis Vuitton Malletier S.A. v. Warner Bros. Ent. Inc.,* 868 F. Supp. 2d 172, 184 (S.D.N.Y. 2012)*; Yankee Pub. Inc. v. News Am. Pub. Inc.,* 809 F. Supp. 267, 282 (S.D.N.Y. 1992) ("[T]he same First Amendment considerations that limit a cause of action under the Lanham Act apply also to a cause of action under New York law.").

Based upon the foregoing, Defendants respectfully request that the Court schedule a pre-motion conference to address and provide them leave to file their intended motion.

Respectfully Submitted,

/s/    David Aronoff

David Aronoff (admitted *pro hac vice*)
Joshua Bornstein (admitted *pro hac vice*)
**FOX ROTHSCHILD LLP**
Attorneys for Defendants Zac Efron, Darin Olien, The Nacelle Company, and Ninjas Runnin' Wild Productions, Inc.

cc:  All counsel of record (via ECF)

---

[3] *See, e.g.,* FAC ¶ 38 ("The Netflix series' use of the Mark is in competitive proximity with DTE. It usurps search engine results so vital to marketing products and services today."). The Court, however, found there is no overlap between the channels of distribution. ECF No. 51 at 14.  Moreover, where "competitive proximity" is based on the claim that online searches return results for both parties' websites, courts require "intentional deception" on the part of the defendant. *See Cheddar Bob's Inc. v. Macsnmelts Mgmt. Co., LLC*, No. 16CV1331RRMAYS, 2020 WL 1323018, at *10 (E.D.N.Y. Jan. 14, 2020). The FAC, however, fails to allege (because it cannot) that the Netflix.com website was intentionally designed to deceive DTE's customers.

[4] *See, e.g.,* FAC ¶ 33 ("Darin Olien promotes Netflix's Down To Earth through his website, darinolien.com, on which he promotes podcasts, drinks, clothing and food with questionable health claims."). The FAC, however, does not claim Olien "promotes podcasts, drinks, clothing and food" using DTE's trademarks; thus, this allegation is irrelevant.  Moreover, these allegations against Olien are not directed against the other Defendants.